JENNIE L. WINGATE

*vs.*

WATERVILLE, FAIRFIELD & OAKLAND RAILWAY.

Kennebec.    Opinion December 6, 1915.

*Damages.    Personal Injuries.    Physician's testimony.    Range of their testimony.*

This case involves the question of damages only. The case presents a typical illustration of the extremes to which reputable physicians will sometimes go in testifying in behalf of a patient, and the boundless latitude over which pathology, diagnosis and prognosis will permit them to range. A careful study of the evidence shows that the verdict is unconscionably excessive.

On motion by defendant. Motion sustained and new trial granted, unless the plaintiff within 30 days after filing the certificate of this

decision files a remittitur of the verdict above $2000; if such remittitur is filed, motion overruled.

This is an action on the case to recover damages suffered by the plaintiff on account of personal injuries alleged to have been caused by the negligence of the defendant. Plea, general issue. The jury returned a verdict for plaintiff for $8750. Defendant filed a general motion for a new trial and a motion for a new trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*B. F. Maher* for plaintiff.

*Johnson & Perkins and Merrill & Merrill,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J. This is an action for personal injuries in which the plaintiff recovered a verdict in the sum of $8750. The liability of the defendant is admitted. The case, therefore, involves the question of damages only. Bearing upon the question of damages a motion based upon newly discovered evidence has been filed, but it may be said at the outset that in the opinion of the court the newly discovered evidence discloses what might have added, if seasonably investigated, additional weight to the testimony already admitted. It cannot be regarded as newly discovered evidence.

This brings us back to the consideration of the question of damages. A careful study of the evidence shows that the verdict was unconscionably excessive. This case presents a typical illustration of the extremes to which reputable physicians will sometimes go in testifying in behalf of a patient, and the boundless latitude over which pathology, diagnosis and prognosis will permit them to range. To give an intelligible analysis of the evidence in this case would require space beyond the confines of any ordinary opinion, and serve no useful purpose. Seventeen questions were submitted to the jury which, with the subdivisions, required just thirty answers. The questions were all couched in medical language and many of them were of a highly technical nature. To illustrate: Question 9. Did plaintiff receive an injury to pelvic floor caused by defendant's negligence? Question 16. Is the plaintiff's condition caused by the defendant's negligence such that an operation, to wit: hysterectomy, will have to be performed? Question 17 a. Is she suffering from

general traumatic neurasthenia and inertia of nerves controlling the blood supply of the uterus? Twenty-seven of the answers were in the affirmative. To number sixteen the jury, to their credit, said "Do not know." ·These questions were all taken, seriatim, from the plaintiff's specifications of her injury, the only change being the interrogatory form. It is not difficult to perceive that the jury, with these specifications before them in their room, were overwhelmed with this array of medical inquiries and technical terms. If they were bewildered it is without wonder; and that their verdict might be exaggerated, upon affirmatively answering this array of questions, all indicating different forms of disorder resulting from injury, might well be expected. It is the opinion of the court that $2000 is ample compensation for all the injuries inflicted upon the plaintiff by the admitted negligence of the defendant.

Motion sustained, and new trial granted unless the plaintiff within 30 days after filing the certificate of this decision files a remittitur of the verdict above $2000; if such remittitur is filed, motion overruled.